Argued and submitted November 23, 1981, reversed January 25, reconsideration denied March 23, petition for review denied April 20, 1982 (292 Or 863)

SAMUEL,
*Respondent,*

*v.*

CURRY COUNTY et al,
*Appellants.*

(No. C-80-6-83, CA 19496)

639 P2d 687

Karen C. Allan, Medford, argued the cause for appellants. With her on the briefs was Foster & Purdy, Medford.

Thomas Y. Higashi, Salem, argued the cause and filed the brief for respondent.

Before Roberts, Presiding Judge, and Joseph, Chief Judge, and Richardson, Judge.

ROBERTS, J.

## ROBERTS, P. J.

Plaintiff is a chiropractor and naturopath practicing in Curry County. He requested hospital privileges at Curry County General Hospital, the only licensed private or public hospital in the county, and was informed that there were no procedures by which such a request by a chiropractor could be considered. Plaintiff wrote to the hospital again, asking that its bylaws be changed to allow application for staff privileges by chiropractors. He was permitted to submit a formal application for appointment to the medical staff. The medical staff then voted unanimously not to amend its bylaws to allow application by chiropractors. Plaintiff brought this suit for declaratory judgment, seeking a declaration that defendants are required to adopt reasonable rules and regulations for the admission of chiropractors and naturopaths to staff privileges at Curry County General Hospital. The trial court so ordered. We reverse.

Plaintiff does not contend that he is personally entitled to staff privileges. He maintains only that defendants are required, by ORS 441.055(3), to adopt procedures allowing for the application for staff privileges by all health care personnel, including chiropractors and naturopaths. ORS 441.055(3) states:

"The governing body of each health care facility shall be responsible for the operation of the facility, the selection of the medical staff and the quality of care rendered in the facility. The governing body shall:

"(a) Insure that all health care personnel for whom state licenses or registration are required are currently licensed or registered;

"(b) Insure that physicians admitted to practice in the facility are granted privileges consistent with their individual training, experience and other qualifications;

"(c) Insure that procedures for granting, restricting and terminating privileges exist and that such procedures are regularly reviewed to assure their conformity to applicable law; and

"(d) Insure that physicians admitted to practice in the facility are organized into a medical staff in such a manner as to effectively review the professional practices of the facility for the purposes of reducing morbidity and mortality and for the improvement of patient care."

A general hospital is a type of health care facility to which ORS 441.055(3) applies. ORS 442.015(11)(a); OAR 333-23-114(1)(a). The governing body of the Curry County General Hospital is the hospital board. ORS 440.170.

Plaintiff's position is that, because chiropractors are licensed by the state as chiropractic *physicians,* ORS 684.054, and naturopaths as naturopathic *physicians,* ORS 685.020, they are physicians within the meaning of ORS 441.055(3), and so they must be considered for admission to practice within a general hospital. Defendants' position is that the term "physician," standing alone, refers only to doctors of medicine and osteopathy who are licensed under ORS chapter 677. Further, defendants argue, ORS 441.055(3) refers only to the granting of privileges to physicians and other health care personnel who have been admitted to the hospital staff and does not mandate procedures for admission to staff. The Curry County General Hospital's medical staff bylaws limit membership on the medical staff to medical and osteopathic physicians and dentists.

Much time is spent by both parties attempting to establish the definition of "physician" as it appears in various ORS chapters. It is clear from several different statutes that chiropractors and naturopaths are types of physician.[1] The pertinent question is whether they are "physicians" of the type referred to in ORS 441.055(3). The Health Division rules directed by the same statute provide assistance in answering this inquiry. ORS 441.055(1) and (2) provide, in pertinent part:

"(1)   The division shall adopt such rules with respect to the different types of health care facilities as may be designed to further the accomplishment of the purposes of ORS 441.015 to 441.087 and 442.300. * * *

"(2)   Rules describing care given in health care facilities shall include, but not be limited to, standards of patient care or patient safety, adequate professional staff

---

[1] For instance, ORS 441.059 provides that hospitals shall not discriminate in the release of x-rays and other diagnostic reports between "patients of chiropractic physicians and patients of other medical practitioners * * * " ORS 676.110, relating to professional designations for practitioners of health professions, provides, at subsection (2), that a person practicing chiropractic shall be identified as "chiropractic physician" and, at subsection (4), that one practicing naturopathy shall be identified as a "naturopathic physician."

organizations, training of staff for whom no other state regulation exists, suitable delineation of professional privileges and adequate staff analyses of clinical records. * * * ."

"Rules, Regulations and Standards for Health Care Facilities in Oregon" are found at OAR 333-23-114 through 333-23-200. Definitions for this section are provided in OAR 333-23-114, which defines "physician," at subsection 23, as "a person licensed under ORS chapter 677 to practice medicine by the Board of Medical Examiners."[2] Chiropractors are licensed under chapter 684 by the State Board of Chiropractic Examiners; naturopaths under chapter 685 by the Naturopathic Board of Examiners. The administrative rule, OAR 333-23-125, also defines the responsibility of the health care facility's governing body as to selection and privileges of the facility staff. OAR 333-23-125 is, verbatim, the text of ORS 441.055(3).

No state law or administrative regulation, therefore, *requires* a health care facility to adopt procedures for the admission of chiropractic or naturopathic physicians to practice in the facility. The statute and rule only provide that "privileges" must be extended to physicians licensed under chapter 677 who have been admitted to practice in a facility and that there must be regularly reviewed procedures established for granting, restricting and terminating those privileges. There is nothing in the statute relied upon by the plaintiff which requires defendants to admit plaintiff to practice in the hospital, or to adopt procedures to allow him to apply for admission, or, if in fact he were admitted, to allow him "privileges" of the sort referred to by the rule and statute.[3]

Reversed.

---

[2] Plaintiff does not contend that the adoption of this definition by the Health Division was an abuse of its rulemaking authority in ORS 183.400(4). Neither party, in fact, cites the division's definition at all.

[3] Defendant's remaining assignments of error relate to two conclusions by the court which appear to place plaintiff's right to apply for staff privileges on a constitutional basis as well. We agree with defendant that these questions were not properly before the court.